UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK MORSE, JR.,

      Petitioner,

v.                                  Case No: 2:16-cv-380-FtM-38CM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

      Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of the file. On July 13, 2016, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) as successive. *See* Doc. 8. The Court subsequently vacated its July 13, 2016, Order of Dismissal and stayed this action pending the Eleventh Circuit Court of Appeals' *en banc* rehearing in *Patterson v. Sec'y, Fla. Dep't of Corr.*, 836 F.3d 1358 (11th Cir. 2016). *See* Doc. 11. On March 31, 2017, the Court lifted the stay and ordered Petitioner to show cause why his Petition should not be dismissed as successive in light of the Eleventh Circuit Court of Appeals' decision in *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321 (11th Cir. 2017).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

The Court, having considered Petitioner's Response to Show Cause Order (Doc. 17), finds the instant Petition is due to be dismissed as successive. 28 U.S.C. § 2244(b)(1). Petitioner's initial § 2254 petition[2] and the instant Petition challenge his 2004 judgment of conviction for First Degree Murder entered in Desoto County, Florida for which he was sentenced to life imprisonment. The Court finds that the state court's issuance of its July 18, 2013, Order Granting Defendant's Motion to Allow Correct Jail Credit (Doc. 1-1)[3] does not constitute a "new judgment" as it is not the judgment of the state court pursuant to which Petitioner is in custody. *Patterson,* 849 F.3d at 1325 (citing *Magwood v. Patterson*, 561 U.S. 320, 341 (2010)); *see also Mosier v. Sec'y, Fla. Dep't of Corr.*, 2017 WL 6539174 (11th Cir. 2017) (affirming district court's dismissal of habeas as successive on basis that state court granting petitioner's Rule 3.801 motion for one-day jail time credit did not constitute a new judgment to avoid successive bar).

ACCORDINGLY it is hereby **ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as successive**.

2. The **Clerk of the Court** is directed to terminate any pending motions, close this case, and send Petitioner an "Application for Leave to File a Second or

---

[2] Petitioner's initial § 2254 habeas petition was filed in case number 2:08-cv-829-JES-DNF, which was denied on the merits on March 15, 2012. *See* Case No. 2:08-cv-829-JES-DNF at Doc. 19.

[3] Petitioner was credited with 370 days credit for the time he spent in the DeSoto county jail prior to sentencing.

Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.[4]

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of May, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[4] Petitioner should be aware that § 2244(b) (2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.