UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK MORSE, JR.,

    Petitioner,

v.                            Case No:  2:16-cv-380-FtM-38CM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner's Notice of Appeal (Doc. 23) and Application for Certificate of Appealability (Doc. 24) filed November 19, 2018.  Petitioner seeks to appeal the Court's October 9, 2018, Order (Doc. 22), which denied Petitioner's Motion to Alter Judgment.  *See* Doc. 23 at 1.  In his Motion to Alter Judgment, Petitioner sought reconsideration of the Court's May 8, 2018, Order dismissing Petitioner's petition filed pursuant to 28 U.S.C. § 2254 as successive.  *See* Doc. 18.  Petitioner asks the Court to issue a certificate of appealability in order that he may appeal the Court's May 8, 2018, Order.  *See* Doc. 24 at 16.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

A certificate of appealability(COA) typically is required for appeals from a final order denying habeas relief on the merits to a petitioner who is challenging his state detention. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180,183 (2009). Here, the Court did not dismiss the petition on the merits but dismissed the petition because it lacked jurisdiction to consider a successive petition. *See* Doc. 18. Because the Court lacks jurisdiction to consider a successive petition, the Court lacks jurisdiction to grant a COA. *See* 28 U.S.C. § 2253(c); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (*per curiam*); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004); *see also Scotton v. U.S.*, 2017 WL 7511339 *2 (11th Cir. 2017).

Nonetheless, because the Court's October 9, 2018, Order is a final order, Petitioner may seek review pursuant to 28 U.S.C. § 1291. Petitioner did not accompany his Notice of Appeal or Application for Certificate of Appealability with a request to proceed on appeal *in forma pauperis.* A review of the docket reveals that Petitioner paid the filing fee in this case at the time of filing. Based upon the record and applicable law, the Court finds that an appeal in this case is not in good faith. Because the Court has certified that this appeal is not taken in good faith, Petitioner must pay the applicable appellate filing fee or file a request to proceed *in forma pauperis* directly with the Eleventh Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Application for Certificate of Appealability (Doc. 24) is **DENIED**.

2. Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(4), the Court certifies that this appeal is not taken in good faith and the **Clerk** shall

immediately forward a copy of this Order to the Clerk for the United States Court of Appeals for the Eleventh Circuit

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of November 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record
Clerk, Eleventh Circuit Court of Appeals